**EXHIBIT A**

**PLAINTIFF'S ORIGINAL PETITION AND
SERVICE DOCUMENTS FOR HARRIS COUNTY**

2025-942.96

94296

2025 94296

Cause No. _____

FILED
Marilyn Burgess
District Clerk
DEC 17 2025
Time:_____
Harris County, Texas
By_____ Deputy

P-11

| | | |
|---|---|---|
| FARIBORZ SHOJAI | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KARALYNN CROMEENS, MORRELL | § | |
| MASONRY SUPPLY, INC., JACOB STEPHEN, | § | |
| HIRSCH & WESTHEIMER, DEBRA NORRIS | § | |
| MANFRED STERNBERG, MICHEAL PAUL | § | |
| GOMEZ, AND HARRIS COUNTY, TX | § | |
| *Defendants,* | § | 269+ JUDICIAL DISTRICT |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW Plaintiff, FARIBORZ SHOJAI, complaining of Defendants, Karalynn C

Cromeens and Morrell Masonry Supply, Inc., for refusing to remove the fraudulent liens on

Plaintiff's properties and in support, Plaintiff would show the Court the following:

DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Lever 2 pursuant to Rule 190.3 of the Texas

Rule of Civil Procedure.

PARTIES

2. Fariborz Shojai is a resident and citizen of Texas. He brings this suit on behalf of

himself.

3. Defendant, Karalynn Cromeens, is an individual (a licensed attorney) in the state of

Texas; she may be served at 1345 Campbell Road, Houston, Texas 77005.

4. Defendant, Morrell Masonry Supply, Inc., is an entity doing business in Texas and may

be served through its attorney on the record, Karalynn Cromeens, located at 1345 Campbell Rd,

Houston, Texas 77005.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 124268910 - Page 1 of 11

5. Defendant Jacob Stephens is an attorney and may be served at 1415 at 2520 Caroline St., 2nd Floor, Houston, TX 77004.

6. Defendant, Hirsch & Westheimer, P.C. is a law firm located at 1415 Louisiana St. 36th floor, Houston, Texas 77002, and may be served through its registered agent Lee Eherman.

7. Defendant Debra Norris is an attorney and may be served at 4110 Almeda Rd # 8039, Houston, TX 77288.

8. Defendant Manfred Sternberg is an attorney and may be served at 1700 Post Oak Blvd, 2 BLVD Place Suite 610, Houston, TX 77056.

9. Defendant, Harris County, is a governmental entity in the state of Texas and may be served with process through its governing body, Linda Hidalgo, at 1001 Preston Street, Houston, Texas 77002.

10. Defendant, Michael Paull Gomez, is a District Judge in the 129th District Court; he may be served at 201 Caroline Street, 10th floor, Houston, Texas 77057.

JURISDITION AND VENUE

11. Venue is proper because the properties are located in Harris County, Texas. And, Section 42 U.S.C. § 1983.

NATURE OF THE CASE

12. Plaintiff seeks to remove the fraudulent liens, the fraudulent notice of lis pendens, on Lot 1, known as 1628 Potomac, Houston, TX 77057, Lot 2, known as 1626 Potomac, Houston, TX 77057, and the void judgment on Lot 4, known as 1632 Potomac, Houston, TX 77057.

13. For the first time in the history of lien law, a supplier and an attorney (a couple) colluded,

Certified Document Number: 124268910 - Page 2 of 11

meticulously actuated by malice, a course of proceeding from an invalid/ fraudulent lien and notice of lis pendens per Tex. Civ. Practice & Remedies Code Section 12.002 to fraudulent transfer. The judgment in the underlying case 201555588 was obtained fraudulently. What has occurred in the 129th District Court is a crime under Texas PENAL CODE 32.49. However, if an action is taken by a crooked attorney well protected by the officials and judges, it appears the rules and law can be manipulated. There is always an exception if corruption and politics intervene in the justice department. This vicious dragon denies Plaintiff's claims to be adjudicated against the Defendants.

14. Since 2022, Morrell and Karlynn Cromeens have obtained six fraudulent writs of execution to foreclose 1632 Potomac, Houston, TX 77057, claiming the judgment, cause no. 201555588 included Fariborz Shojai and 1632 Potomac, Houston, TX 77057. Harris County's incompetent or corrupt District Clerk's clerks and/or constables issue fraudulent writs to harass Plaintiffs.

15. Plaintiff's attorneys violated fiduciary duties imposed upon them. An attorney has a duty to act in his/her client's best interests first.

CAUSE OF ACTION – REFUSING TO REMOVE THE FRAUDULENT LIENS & NOTICE OF LIS PENDENS

16. Pursuant to Tex. Prop. Code Chapter 12 and Tex. Penal Code 32.49. Defendants, Karalynn Cromeens and Morrell Masonry Supply, Inc., should be liable for their actions by refusing to remove fraudulent instruments that clouded the titles.

17. A court of record within its jurisdiction has the power to declare the rights, status, and other legal relations between the parties. Tex. Civ. Prac. & Rem. Code. §37.003. Moreover, a person interested under a deed, will, written contract or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, statutes, or

other legal relations thereunder. Tex. Civ. Prac. & Rem. Code §37.004. Plaintiff seeks a declaration of this Court that as a matter of law: Sec. 12.002. LIABILITY. (a) A person may not make, present, or use a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent to cause another person to suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or emotional distress. (a-1) Except as provided by Subsection (a-2), a person may not file an abstract of a judgment or an instrument concerning real or personal property with a court or county clerk, or a financing statement with a filing office, if the person: (1) is an inmate; or (2) is not licensed or regulated under Title 11, Insurance Code, and is filing on behalf of another person who the person knows is an inmate. (a-2) A person described by Subsection (a-1) may file an abstract, instrument, or financing statement described by that subsection if the document being filed includes a statement indicating that: (1) the person filing the document is an inmate; or (2) the person is filing the document on behalf of a person who is an inmate. (b) A person who violates Subsection (a) or (a-1) is liable to each injured person for: (1) the greater of: (A) $10,000; or (B) the actual damages caused by the violation; (2) court costs; (3) reasonable attorney's fees; and (4) exemplary damages in an amount determined by the court. (c) A person claiming a lien under Chapter 53, Property Code, is not liable under this section for the making, presentation, or use of a document or other record in connection with the assertion of the claim unless the person acts with intent to defraud. Sec. 12.003.

CAUSE OF ACTION. (a) The following persons may bring an action to enjoin violation of this chapter or to recover damages under this chapter: (1) the attorney general; (2) a district attorney; (3) a criminal district attorney; (4) a county attorney with felony responsibilities; (5) a county attorney; (6) a municipal attorney; (7) in the case of a fraudulent judgment lien, the person against whom the judgment is rendered; and (8) in the case of a fraudulent lien or claim against real or personal property or an interest in real or personal property, the obligor or debtor, or a person who owns an interest in the real or personal property.

CAUSE OF ACTION - FRAUD ON THE COURT

18. Fraud upon the court occurs when the judicial machinery itself has been tained, such as when an attorney, who is an officer of the court, is involved in the preparation of a fraud or makes material misrepresentations to the court makes void the orders and judgments of the court. 20. In 2016, Plaintiff, Fariborz Shojai, sued Morrell Masonry Supply, Inc., Bradford Cromeens, The Cromeens Law Firm, and Karalynn Cromeens under [CHAPTER 12. LIABILITY RELATED TO A FRAUDULENT COURT RECORD OR A FRAUDULENT LIEN OR CLAIM FILED AGAINST REAL OR PERSONAL PROPERTY for refusing to remove invalid liens on Shojai's own properties at 1626 Potomac 1628 Potomac, Houston, Texas 77057 (irrelevant properties) to cause no. 2015-55588. 21. Morrell never acknowledged receiving Shojai's notice dated May 27, 2015 addressed to Morrell's account receivable manager, Ms. Guillen. In Plaintiff's email, Shojai typed 1628 Potomac instead of 1632 Potomac and stated Shojai or CD no longer even accept delivery of stucco materials to the site unless it is paid by subcontractor in advance prior to delivery--in that email, Shojai stated that check no 6141 in the amount of $9,708.49 must have paid for all the materials delivered to the site. 22. Although Morrell denied receiving Shojai's notice but Morrell's lien with following no. 20150405500 was filed on Lot 1, known as 1628 Potomac,

Certified Document Number: 124268910 - Page 5 of 11

Houston, Texas 77057. See. Sonia Barboza's affidavit. Id. 23. On January 30, 2015, to revive a moot cause (2015-55588), Morrell Masonry Supply, Inc., Bradford Cromeens, The Cromeens Law Firm and Karalynn Cromeens schemed by fraudulently consolidating Shojai's own lawsuits with cause no. 2015-55588 claiming Shojai was not the lawful owner of 1626 Potomac and 1628 Potomac and Morrell Masonry supplied stucco material to Four properties located at Lot 2, 1626, Lot 1, 1628, Lot 3, 1630 and Lot 4, 1632 Potomac. Morrell also claimed it supplied stucco material to lot 5, common area. basically, Morrell claimed it supplied stucco material for entire subdivision and Morrell's lien with following document number 20150405500 was valid on all the Five Lots. See Morrell motion to consolidate and Morrell's Second Amended Petition. Id 24. Ms. Cromeens lied in the hearings and Judge Gomez who abuses his power as a judge and rules with partiality deprived Shojai from acting pro se for defending his own properties at 1626 Potomac (his homestead) and 1628 Potomac. 25. On Jan 31, Morrell filed motion for default judgment without notifying Shojai for the hearing - on February, 22, 2017, the 129th District Court, granted Morrell's motion for default judgment with an improper notice which Violates Tex. R. CIVI. Procedure; against 1626 Potomac, 1628 Potomac, 1630 Potomac and 1632 Potomac. The trial court had no jurisdiction over Plaintiff's own properties, or Fariborz Shojai and Contract Developers because:

CAUSE OF ACTION - FRAUD

19. Plaintiff files this suit against Defendants, Morrell Masonry Supply, Inc., Bradford Cromeens, The Cromeens Law Firm and Karalynn Cromeens for fraud because Morrell's lien affidavit claims $3,465.43 for unpaid invoices for materials delivered and consumed to 1632 Potomac was phony and fabricated; because "Will Call materials", picked by Jesse Alverado was $4,329.28 which exceeds Morrell's claim while Morrell's Original Petition explicitly stated that stucco material delivered at the site. And, for obtaining fraudulent writs.

CAUSE OF ACTION – MAL PRACTICE, VIOLATION OF FIDUCIARY DUTIES, BREACH OF CONTRACT, DECEPTIVE TRADE, AND CAUSING MENTAL ANGUISH

20. Plaintiff files this suit and holds Defendants, Jacob Stephens, Hirsch & Westheimer, Debra Norris and Manfred Sternberg liable for causing mental anguish and financial injuries.

21. Hirsch and Westheimer is one of the largest law firms in Houston. The firm was established in 1927. Plaintiff assumed that the Law Firm had the experience to prevail in a black-and-white case. Mr. Stephens was inexperienced in real estate law, construction, and lien law. Plaintiff files this suit and holds Defendants, Jacob Stephens and Hirsch & Westheimer liable for negligence, breach of contract. breach of fiduciary duties and deceptive trade. Although cause no.2015-55588 was moot from its interception on September 4, 2015. Once again, since Morrell never filed a suit to foreclose 1628 Potomac, Houston, Texas 77057, lien with document number 20150405500 became Moot on September 5, 2017. Hirsch and Westheimer also failed to challenge default judgment which was obtained fraudulently. Mr. Stephens also failed to file a motion to dismiss challenging the trial court's subject matter jurisdiction. Morrell's lien was only filed on Lot 1, known as 1628 Potomac. As a result, the Defendants caused Plaintiff mental anguish and financial injuries. Plaintiff also asked Mr. Stephens to withdraw his motion for partial summary judgment.

CAUSE OF ACTION – MAL PRACTICE, VIOLATION OF FIDUCIARY DUTIES, BREACH OF CONTRACT, DECEPTIVE TRADE, AND CAUSING MENTAL ANGUISH

22. Mrs. Norris was clueless, unprepared, and did not even read the motion filed by Jacob Stephens, and disregarded Plaintiff's inputs, defiantly assumed the case was a slam dunk. The motion was filed to remove the invalid liens without removing the Notice of lis pendens on Lot 1, known as 1628 Potomac, Houston, TX 77057.

CAUSE OF ACTION – MAL PRACTICE, VIOLATION OF FIDUCIARY DUTIES, BREACH OF CONTRACT, DECEPTIVE TRADE, AND CAUSING MENTAL ANGUISH

23. Plaintiff retained Mr. Sternberg to stop the foreclosure and obtain a Temporary Injunction.

Certified Document Number: 124268910 - Page 7 of 11

Mr. Sternberg was not truthful because there is only a TRO in the file. In 2024, Mrs. Cromeens obtained another fraudulent writ. If TRO had filed in the underlying case, cause no. 202239854, TI would have been granted. Besides, a motion for TI is appealable.

24. Plaintiff also retained Mr. Sternberg to find a solution to expunge the fraudulent notice of lis pendens on Lot 1, known as 1628 Potomac, Houston, TX 77057. Mr. Sternberg filed a TRO to expunge or invalidate a notice of lis pendens to sell a property. The Temporary Restraining Order to sell a property is not the correct approach in the context of law. Thus, TRO was denied.

CAUSE OF ACTION: DEFENDANT JUDGE GOMEZ HAS VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS – HE SHOULD NOT BE THE PRESIDING JUDGE OVER PLAINTIFF'S CASE ANYMORE – THE JUDGE IS EITHER INCOMPETENT OR CORRUPT

The U.S. Supreme Court has interpreted Section 1983 to mean that a plaintiff must prove two elements to prevail on their claim:

(1) The defendant **acted under the color of state law.**

(2) The **act**(s) (or **failure to act**) of the defendant deprived the plaintiff of their particular rights **under either the laws** of the United States or the U.S. Constitution.

25. Congress has enacted statutes that allow private persons to file suit for violations of constitutional rights, such as 42 U.S.C. § 1983. In order to prevail in a § 1983 claim, a plaintiff must show that the defendant acted "under color of" law to deprive them of their constitutional rights. Fourteenth Amendment binds the states. The Fourteenth Amendment's Due Process Clause guarantees procedural due process, meaning that government actors must follow certain procedures before they may deprive a 5 person of a protected life, liberty, or property interest. The Court has also construed the Clause to protect substantive due process, holding that there are certain fundamental rights that the government may not infringe even if it provides procedural protections. The rights protected under the Fourteenth Amendment can be understood in three

categories: (1) "procedural due process;" (2) the individual rights listed in the Bill of Rights, "incorporated" against the states; and (3) "substantive due process. Due process requires, at a minimum: (1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal. Second, the Court has construed the Fourteenth Amendment's Due Process Clause as the Bill of Rights Against the States. The Bill of Rights—comprised of the first ten amendments to the Constitution—originally applied only to the federal government. Barron v. Baltimore (1833). Those who sought to protect their rights from state governments had to rely on state constitutions and laws. The Judge has no right or authority to deprive Plaintiff from immunities granted to him by the Texas Constitution or the US Constitution.

26. When Plaintiff sued the Defendants in the underlying case, 202239854, Judge Gomez again consolidated this case with Morrell's moot case, cause no. 202050900, in the same manner, Judge Gomez consolidated Plaintiff's suits with moot cause 201555588 in 2017, dismissed Plaintiff's claims. When a Judge hears a motion to dismiss with five days' notice, hears a motion for new trial after 94 days, denies expunging or removing a moot lien and notice of lis pendens which was filed under cause no. 201555588, or a void judgment (partial summary judgment (August 9, 2024) or knowingly and intentionally claims that a lawsuit can be initiated after five years, disregards the statutes of limitations and repose, asserts Recording Dates are transfer dates that make a DEED VALID, and disregards the Supreme Court of Texas' decision regarding statute of repose, as a result Judge Gomez is either partial, incompetent or corrupt and should not be presiding Judge over Shojai's cases in the future.

CAUSE OF ACTION – DEFECTED POLICY FOR ISSUING FRAUDULENT WRITS TO FORCLOSE OWNER'S PROPERTIES WITHOUT A VALID JUDGMENT BY AN INCOMPETENT CLERK OR A CONSTABLE - TO PLACE A NOTICE OF LIS PENDENS ON AN OWNER'S PROPERTY, MOTION AND COURT'S SIGNATURE SHOULD BE REQUIRED – THE COUNTY MUST CHANGE ITS POLICIES

Certified Document Number: 124268910 - Page 9 of 11

27. Congress has enacted statutes that allow private persons to file suit for violations of constitutional rights, such as 42 U.S.C. § 1983. In order to prevail in a § 1983 claim, a plaintiff must show that the defendant acted "under color of" law to deprive them of their constitutional rights. Fourteenth Amendment binds the states.

28. Plaintiff is seeking damages for attorney's fees and to enjoin the County from issuing another fraudulent writ of execution.

### GENERAL DAMAGES

29. As a direct and proximate result of the Defendants' negligence or fraudulent actions, Plaintiff suffered damages allowed by law for actual and consequential damages in an amount in excess of $2,000,000.00. In addition, Plaintiff should be compensated $75,000.00 for attorney's fees and expenses incurred before this petition.

### PUNITIVE DAMAGES

30. Plaintiff incorporates herein by reference Paragraphs 1 through 8, inclusive, of this Complaint. Plaintiff seeks exemplary damages pursuant to the imposition of exemplary damages from Defendants without limitation as imposed by law.

### REQUEST FOR DECLATORY RELIEF

31. Plaintiff Fariborz Shojai hereby petitions the Court pursuant to the Declaratory Judgment Act, Chapter 37 of the Civil Practice & Remedies Code, for a declaration of the invalidity of a certain document and claim made by Defendants.

### ATTORNEY'S FEES

32. Plaintiff hereby pleads for the recovery of his reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §37.009.

### PRAYER

Certified Document Number: 124268910 - Page 10 of 11

33. WHEREFORE, Plaintiff requests this Court issue citation to Defendants to answer, and upon a trial by jury of this matter, enter judgment against the above-named Defendants for compensatory damages in the sum of $1,000,000.00 together with pre-judgment and post-judgment interest, attorneys' fees, costs, such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Fariborz Shojai (pro se)

1415 S Voss Suite 110-269

E-mail fsproperties.us@gmail.com, 713-299-3138

Certified Document Number: 124268910 - Page 11 of 11



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 12, 2026

Certified Document Number:        124268910 Total Pages: 11

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/2/2026 9:17:04 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No. 109621838
By: PUENTE, KELLY M
Filed: 1/2/2026 9:17:04 PM

COPY OF PLEA...

CAUSE NO. 202594296
RECEIPT NO. 33823                    0.00      CIV
         *********                         TR # 74588380

PLAINTIFF: SHOJAL, FARIBORZ SALAMI                In The    269th
                vs.                               Judicial District Court
DEFENDANT: CROMEENS, KARALYNN C                   of Harris County, Texas
                                                  269TH DISTRICT COURT
                                                  Houston, TX

### CITATION

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY TEXAS BY SERVING THE HARRIS COUNTY JUDGE LINA
    HIDALGO
    1001  PRESTON STREET   HOUSTON  TX  77002
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 17th day of December, 2025, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

    This citation was issued on 18th day of December, 2025, under my hand and
seal of said Court.

Issued at request of:
SHOJAL, FARIBORZ SALAMI              MARILYN BURGESS, District Clerk
14150  S VOSS #110-269              Harris County, Texas
HOUSTON, TX  77057                  201 Caroline, Houston, Texas 77002
                                    (P.O. Box 4651, Houston, Texas 77210)
Bar No.:  1

Generated By: CHAMBERS, WANDA  ULW//13041222

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 9:00 o'clock A.M., on the 19 day of December, 2025.
Executed at (address) 1001 Preston St, Houston, TX-77002 +/or ✱          in
Harris          County at 11:43 o'clock A.M., on the 30 day of December,
2025, by delivering to CJOService@HarrisCountyTX.gov defendant, in person, a
true copy of this Citation together with the accompanying 1 copy(ies) of the
Plaintiff's Original          Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 30 day of December, 2025.

✱ By scanning
And Emailing to
CJOService @
Harris County TX.
gov

✱ Harris County Texas
c/o Judge Lina Hidalgo

FEE: $_____

_____               _____
                                       of    Harris    County, Texas
_____               By Charles Wright PSC 2279  Exp. 5-31-2027
        Affiant                              Deputy



On this day, Charles Wright , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 30th day of December, 2025.

_____
              Notary Public

COREY M. JOHNS
NOTARY PUBLIC
STATE OF TEXAS
ID# 10275187
EXPIRES 5-21-2027

N.INT.CITR.P                *74588380*



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 12, 2026

Certified Document Number:        124412526 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**